D. W. HERRINGTON, DISTRICT ATTORNEY OF SANTA CLARA COUNTY *v.* E. D. SAWYER, JUDGE OF THE FOURTH DISTRICT COURT, CITY AND COUNTY OF SAN FRANCISCO.

MANDAMUS.—A petition for a peremptory mandate to the Judge of a District Court, to enter the name of the petitioner, who was the District Attorney of Santa Clara County, as an attorney of record in a cause pending in said Court, to which action said county was a party, will be denied where it appears that since the commencement of the proceeding therefor the petitioner has ceased to be said District Attorney, and said action has been finally disposed of and is no longer pending in said Court.

ORIGINAL proceeding in the Supreme Court of the State of California.

The facts are sufficiently stated in the opinion of the Court.

*Frs. E. Spencer,* for Petitioner.

*Barstow & Tompkins,* for Defendant.

By the Court, SPRAGUE, J.:

This is an application for a peremptory mandate to the Judge of the Fourth Judicial District Court for the City and County of San Francisco, to compel him, as such Judge, to grant a motion made by the petitioner in his Court to be entered as one of the attorneys of record in a certain action then pending therein.

The original answer of the defendant does not deny any of the allegations of the petition except the general allegations that the petitioner and the County of Santa Clara have sustained and yet do sustain great damage by reason of the refusal of defendant to perform his duty as such District Judge, in refusing to permit the petitioner, as the District Attorney for Santa Clara County, to appear and be entered as one of the attorneys of record of said Santa Clara County in said action, and that "petitioner has no plain, speedy, and adequate remedy at law or otherwise except by mandamus," but alleges facts in justification of defendant's refusal to allow petitioner's motion to be entered as one of the attorneys for Santa Clara County in the cause wherein such motion was made.

The supplemental answer of defendant alleges in substance that since defendant's original answer was filed the suit in which petitioner seeks to be entered as one of the attorneys of record was compromised and settled between the parties thereto, and upon stipulation signed by the respective counsel for plaintiff and defendants and duly filed in said action,

an order was duly made and entered in said Fourth District Court dismissing the same; and further, that since the filing of the original answer the petitioner has ceased to be the District Attorney of the County of Santa Clara by reason of the expiration of his term of office.

The case has been finally submitted upon the petition of applicant, the answer and supplemental answer of defendant, without any determination of the issues of fact tendered by the pleadings, in the mode prescribed by the statute or in any other manner. But counsel for the respective parties, in their briefs and arguments, seem to have assumed as uncontroverted the facts alleged in the answer and supplemental answer of defendant, and we shall, therefore, for the purposes of this decision, assume the same as admitted facts. Admitting the facts as stated in the supplemental answer of defendant, we deem it unnecessary to investigate the merits of the case as made upon petition and answer.

The action in which petitioner's motion was made, and in which, by this proceeding, he seeks to become one of the attorneys of record for plaintiff by virtue of his official position as District Attorney of Santa Clara County, plaintiff, was finally disposed of and dismissed by order of the Court in which the same was pending, in pursuance of a stipulation of the respective parties thereto, by and through their then attorneys of record, on the 30th day of December, 1867, and petitioner ceased to occupy the official position of District Attorney for Santa Clara County on or about the first day of March, 1868; hence two essential and controlling facts, upon which petitioner originally based this application, ceased to exist prior to the filing of defendant's supplemental answer. Since the 30th of December, 1867, there has been no such cause pending in defendant's Court as the one in which petitioner's motion was made or in which the order sought by that motion could be entered or allowed by the defendant; and petitioner's official relations to the County of Santa Clara having ceased to exist on or about the first day of March, 1868, the vital merits of his motion are extinct,

and no order of the defendant as a Court, or of this Court can re-invest him with the official authority or impose upon him the official duties of District Attorney for Santa Clara County.

Application denied.